ANDREW LINDSTRAND v. THE DELTA LUMBER COMPANY.    `68  261| 84  306|`

[See 65 Mich. 254.

*Contributory negligence—Directing verdict.*

This case is ruled by the former opinion, and from the plaintiff's own testimony he is held to have no right of recovery, and that a verdict was properly directed for the defendant.

Error to Schoolcraft. (Steere, J.) Argued January 11, 1888. Decided January 19, 1888.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*W. F. Riggs,* for appellant.

*Moore & Moore,* for defendant.

LONG, J. This cause was in this Court, and argued at the January term, 1887, and an opinion handed down by Mr. Chief Justice CAMPBELL, in which all the Justices concurred, on April 14, 1887, and is found reported in 65 Mich. 254 (32 N. W. Rep. 427). The cause then came up on errors assigned by defendant, and was reversed, and remanded for new trial. In the elaborate and well-considered opinion then written in the case by Mr. Chief Justice CAMPBELL, in referring to the testimony given on the trial by plaintiff (page 263), he used this language:

" According to his own, which is the only, version of the facts, he undertook to get this piece of scantling sawed by leaning over the saw with one arm stretched out across it, so that, if he slipped, the destruction of his arm would be inevitable. Leaning forward in such a position, holding one end of the stick in each hand, there would be a sudden cessation of resistance from the saw as soon as the stick was cut

through, and the danger from any forward movement would be a danger of the worst sort.    Such conduct was negligent and reckless, and the danger obvious to any one."

Not being a member of this Court at that time, I have carefully examined the record in the case as then presented, and the points then made by the attorneys in their briefs, and have carefully examined the record as it now presents the case, and the briefs presented, and am satisfied that the case now presented by the record is the same, substantially, as it appeared upon the former record.    I fully concur in what Mr. Chief Justice CAMPBELL then said, and the same might be said of the plaintiff's testimony as the record now presents it.    From the plaintiff's own testimony, I think he has no right to recover.    The case must be ruled by the opinion of Mr. Chief Justice CAMPBELL in the case reported. The court properly directed a verdict for defendant.

The judgment is affirmed, with costs.

The other Justices concurred.